# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **REGINA M. BYNUM,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. CV-11-S-3911-NE |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Claimant, Regina M. Bynum, commenced this action on November 14, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly evaluated the medical evidence from both treating and non-treating physicians, that he failed to properly develop the record, and and that he should have found claimant to be disabled pursuant to the Medical-Vocational Guidelines ("grids"). Upon review of the record, the court concludes that these contentions lack merit, and that the Commissioner's ruling is due to be affirmed.

Claimant first argues hat the ALJ erred in not giving full weight to the opinion of Dr. Ron Collins, claimant's treating pain management physician. The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner."

20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Collins completed a Physical Capacities Evaluation form on February 12, 2009. He indicated that claimant could lift no more than ten pounds on an occasional basis. She could sit for a total of three hours, and stand and walk (combined) for a total of two hours during an eight-hour workday. Dr. Collins stated that claimant required a cane to ambulate even minimally during a normal workday due to antalgic gait and consequent risk of falling. Claimant could frequently perform gross and fine manipulation, and she could occasionally push, pull, and reach, but she could never climb, bend, or stoop. Claimant could work around dust, allergens, and fumes, but

she could not work around hazardous machinery.  She also could operate motor vehicles. On that subject, Dr. Collins stated, "from our standpoint pt can drive. Defer further restriction to mental health provider re agoraphobia."[1]  On a Clinical Assessment of Pain form, Dr. Collins indicated that claimant's pain was present to such an extent as to be distracting to adequate performance of daily activities or work, and that physical activity would greatly increase pain to such a degree as to cause distraction from or total abandonment of tasks.  In response to a question about how the side effects of claimant's prescribed medications would affect her ability to work, Dr. Collins indicated his agreement with both of the following responses: "Some side effects may be present, but not to such a degree as to create serious problems in most instances," and "Drug side effects can be expected to be severe and to limit effectiveness due to distraction, inattention, drowsiness, etc."  Finally, Dr Collins indicated that claimant had an underlying medical condition consistent with the pain she was experiencing.[2]

The ALJ gave "some, but not great weight" to Dr. Collins' assessment.  The ALJ reasoned that Dr. Collins' opinions were inconsistent with the objective medical evidence and other evidence of record.[3]  More specifically, the ALJ stated that Dr.

---

[1] Tr. 349.
[2] Tr. 350-51.
[3] Tr. 25.

Collins' assessment of distracting pain and inability to stoop were inconsistent with claimant's ability to drive, as driving requires both concentration and the ability to get into and out of a car.  The ALJ also noted that Dr. Collins' statements about the side effects of claimant's medications were internally inconsistent, as Dr. Collins noted *both* that claimant's side effects would not create serious problems *and* that the side effects would be severe and limit claimant's effectiveness at work.  The ALJ also noted that Dr. Collins' statement that claimant required a cane to ambulate was unsupported by any medical records, inconsistent with claimant's non-use of a cane at the administrative hearing, and inconsistent with the consultative report of Dr. Gulati, who noted that claimant had a normal gait and could heel and toe walk with no difficulty.  Finally, the ALJ noted that the limitations imposed by Dr. Collins were inconsistent with other objective medical evidence, including laboratory studies, a whole body scan showing "nothing significant," and a lumbar x-ray showing no focal disc herniation.[4]  The court finds that the ALJ adequately articulated his reasons for choosing not to fully rely upon Dr. Collins' opinion, and that the ALJ's decision was supported by substantial evidence.

Claimant also asserts that the ALJ erred in giving "greater" and "significant" weight to the opinions of the stage agency medical and psychological examiners. There is no rule, as claimant seems to suggest, that an ALJ cannot choose to favor the

---

[4] Tr. 24.

opinions of state agency examiners over those of treating or examining physicians. To the contrary, the opinions of state agency physicians are entitled to substantial consideration. *See* 20 C.F.R. §§ 404.1527(f)(2)(i) & 416.927(f)(2)(i) (stating that, while the ALJ is not bound by the findings of a State Agency physician, the ALJ should consider such a physician to be both "highly qualified" and an "expert" in Social Security disability evaluation). *See also Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981) ("The Secretary was justified in accepting the opinion of Dr. Gordon, a qualified reviewing physician, that was supported by the evidence, and in rejecting the conclusory statement of Dr. Harris, a treating physician, that was contrary to the evidence."). Here, the ALJ relied upon the opinions of the state agency medical physician because it was "consistent with the objective medical evidence and other evidence of record."[5] He gave significant weight to the opinion of the state agency psychiatric consultant because it was "consistent with the claimant's mental health treatment history, the findings and opinion of [the consultative psychological examiner], and with the claimant's daily activities."[6] Those are all valid reasons for affording more weight to the state agency opinions, *see* 20 C.F.R. § 404.1527(d), and the ALJ's conclusions in this regard are supported by substantial evidence of record.

---

[5] Tr. 25.
[6] *Id.*

Next, claimant argues that the ALJ failed to properly develop the administrative record because he did not obtain an additional medical source opinion despite rejecting certain portions of the consultative report of Dr. Prem Gulati, who examined claimant on April 17, 2008. Dr. Gulati noted that claimant had experienced constant, sharp, throbbing back pain with radiation into the legs for ten years. On clinical examination, Dr. Gulati found no spasms or deformity, and only moderate tenderness at the L4, L5-S1 levels. The range of motion in claimant's lumbar spine was normal, and she had no difficulty getting on and off the examination table. Claimant walked with a normal gait without an assistive device, and she experienced no ataxia. She could not squat and rise up, but she could heel and toe walk without any difficulty. All other manipulative functions and ranges of motion were within normal limits. Dr. Gulati assessed degenerative disc disease with lumbar radicular pain, decreased hearing, and history of depression. He further stated, "This is a 49-year-old white female who gets stiff while sitting long hours. I guess if she can do alternate sitting, standing and walking around with anti-inflammatory medications, she should be able to get a job."[7]

The ALJ afforded Dr. Gulati's assessment some, but not great weight, because Dr. Gulati did not provide any specific limitations other than his tentative statement about claimant being able to get a job if she could alternate sitting, standing and

---

[7] Tr. 190-92.

walking. Furthermore, the ALJ discredited Dr. Gulati's assessment of the need to alternate sitting, standing and walking because it was unsupported by the objective medical evidence or by Dr. Gulati's own examination of claimant. Claimant argues that if the ALJ was dissatisfied with any aspect of Dr. Gulati's opinion, he should have obtained an additional opinion. The court is not persuaded by claimant's argument. It is true that the ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision*. *Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 Fed. Appx. 597, 598 (11th Cir. 2005) (emphasis supplied). Furthermore, claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). The court concludes that the record in this case was sufficient, even absent any statements from Dr. Gulati about claimant's functional limitations, for the ALJ to arrive at an informed decision.

The court is equally unpersuaded by claimant's suggestion that the ALJ's RFC

assessment was not sufficiently specific.  The ALJ found that, despite all her limitations, claimant retained the residual functional capacity to perform

> light work as defined in 20 CFR 404.1567(b) except with some additional limitations.  The claimant has moderate pain.  The claimant is able to stand continuously for 2 hours at a time.  The claimant is able to walk continuously for 2 blocks at a time.  The claimant is able to sit continuously for 1 hour at a time.  The claimant is restricted from repetitive bending, but is able to occasionally bend.  The claimant is restricted from working with excessive background noise in the workplace.  The claimant is restricted from a job requiring repetitive spoken or oral instructions.  The claimant has the mental limitations as set forth in Exhibit 13F.[8]

Claimant takes issue with the ALJ's failure to specify the total number of hours claimant could sit, stand, and/or walk during a workday, and with his use of the words "excessive" and "repetitive."  The court, however, finds the ALJ's residual functional capacity assessment to be thorough and inclusive.  The ALJ likely did not state limitations on the total number of hours claimant could sit, stand, or walk during a workday because he found that the evidence did not support any such limitations.  Instead, it is reasonable to conclude that the ALJ found that claimant could perform unlimited sitting, standing, walking, as long as the intervals for each activity did not exceed what is listed above.  Further, the court finds that the terms "excessive" and "repetitive" were sufficient to describe the frequency with which claimant could perform certain postural movements or be exposed to certain environmental

---

[8] Tr. 22-23.

conditions.

Claimant's final argument is that the ALJ should have found her to be capable of only sedentary work, not light work.  If the ALJ had come to that conclusion, the Medical-Vocational Guidelines, or "grids," would have mandated a finding of disability.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.14 (mandating a finding of disability for an individual closely approaching advanced age, with a high school education that does not provide for direct entry into skilled work, with no transferable skills, and a limitation to sedentary work).  However, claimant does not provide any substance to support her argument that she is capable of only sedentary work.  She only states that "[a]n RFC for the full range of sedentary work would better comport with the evidence, the severe impairment findings and the postural limitations as determined by the ALJ especially with regard to the limitations on sitting, standing, walking and bending."[9]  The court is not persuaded by this conclusory statement. Social Security regulations define sedentary work as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §404.1567(a).  Light work is defined as follows:

---

[9] Doc. no. 8 (claimant's brief), at 9.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). Claimant's limitations are consistent with the definition of light work, which contemplates that the claimant can do a "good deal" of walking or standing. Moreover, the physical aspects of the ALJ's residual functional capacity finding are consistent with the assessment of Dr. Robert Heilpern, the state agency physician, who found that claimant could occasionally lift up to 20 pounds and frequently lift up to 10 pounds, and to whom the ALJ afforded significant weight.[10]

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 27th day of August 2012.

_____
United States District Judge

---

[10] Tr. 262.